RUFUS BANKS & *als. appellants from a decision of the County Commissioners of York and Cumberland.*

Exceptions do not lie to the rulings of the District Court, in cases appealed from a decision of County Commissioners. Errors, if any, are to be corrected on *certiorari*.

There is no right of appeal from the District Court to a *joint* decision of the county commissioners of *two or more* counties.

THE appellants had petitioned for the location of a highway from Saco to Gorham, extending into the counties of York and Cumberland.

A joint meeting of the county commissioners of the two counties was duly held. Their decision was, that the way prayed for was " not of common convenience and necessity," and that the prayer of the petition ought not to be granted.

From that decision, the present appeal was taken to the District Court.

At the District Court, Leland, County Attorney, moved the appeal be dismissed. The Judge refused the motion, and sustained the appeal. The appellants then moved that a committee be appointed to view the route, &c.

To that motion the County Attorney objected, but the Court appointed the committee.

To the order of the Court sustaining the appeal, and also to the order appointing the committee, the County Attorney excepted.

*Leland*, for county of York.

The statute, giving the right of appeal to the District Court, does not apply to the *joint* action of the commissioners of *two or more* counties. Many serious incongruities, [which the counsel points out with much lucidness,] must attend such an appeal, if allowed.

*Bradley*, for appellants.

The statute allows the appeal. It is an appropriate and needful remedy. It will work well in practice. Three committee men are preferable to six. The case will belong to the county where the original petition was presented. Jurisdiction having attached there, it would, in all its subsequent stages, be retained there. That county would pay the expenses. The two boards constitute but one court. *Sanger* v. *County Commissioners*, 25 Maine, 291. The act gives an appeal from "*any*" board of county commissioners. A statute is not to be superseded merely because its operation may be attended with some inconveniences.

WELLS, J. — This case comes before us, by exception to the decision of the Judge of the District Court. The proceedings, relative to highways, are not according to the course of the common law, and errors in the record could not lay the foundation for a writ of error. Nor does our statute, c. 97, § 13, 18 and 19, R. S., provide for exceptions, in such cases.

If this Court should entertain jurisdiction, and sustain the exceptions, as it could not remit the case to the District Court, it would draw to itself the supervision and control of highways, in those cases, where the exercise of that power is conferred upon the District Court. There is nothing in the existing laws, which indicates the purpose of the Legislature, to confer upon this Court such power.

The remedy, for illegal proceedings in such cases, is by *certiorari*.

The exceptions therefore must be dismissed. But at the request of the parties, there being several petitions pending involving the same inquiry, we have concluded to express an opinion upon the question presented, relative to the right of appeal, claimed by the petitioners, from the decision of the county commissioners of the counties of York and Cumberland.

By c. 25, § 23, R. S., there may be a joint action of the commissioners of two or more counties, upon " petitions for laying out, altering or discontinuing any highway, extending into or through two or more counties." But no provision is made in this chapter, for any appeal from their determination.

The act of August 2, 1847, c. 28, provides for an appeal from the decision of any court of county commissioners, on an application, to lay out, alter or discontinue any highways, " to the *District Court* held in the *county* where the *location*, &c. is prayed for."

In the subsequent sections of the act, similar language is used, in relation to the Court, having jurisdiction, and is limited to the *District Court*, in the *county*, in which the highway is sought to be established. There is nothing in the terms of the act extending to a highway, requiring the action of commissioners of more than one county. And it is very clearly confined to that class of cases.

If it had been intended to effect a highway, extending into or through two or more counties, provision would have been made, to carry into effect such intention, either by giving the right exclusively to one Court, or to the several Courts, existing

in the counties, into or through which the highway might extend, and for a meeting of the several committees, appointed in the two or more counties, and that acting in concert, their decision should embrace the contemplated highway in its full extent.

But if the right of appeal should now be conceded, then there would be one in each county, with no provision whatever, for unity of deliberation or adjudication by the committees.

The committee, authorized to be appointed by the District Court, is by the act to determine, whether in its opinion, the judgment of the county commissioners shall be, in whole or in part affirmed or reversed, and the District Court, upon the acceptance of the report, is directed to render judgment, in conformity to it. If such judgment is against the location, &c., no further proceedings can be had by the county commissioners, but if it is otherwise, the commissioners are to proceed agreeably to said judgment, in the same manner, as if no appeal had been taken.

Thus appeals taking place in different counties, the committees might arrive at different conclusions. In one county, the committee might be in favor of establishing the highway, while that, acting in another county, might be opposed to it, and a highway, contemplated to extend through two or more counties, might be located in one, and refused a location in another. And the like result might take place, upon a proposed alteration or discontinuance of the highway.

We cannot believe, that the Legislature could have intended, that such a construction of the act should be adopted. The right of appeal must therefore be limited to the action of the commissioners of one county, and cannot be extended to cases, requiring the concurrence of commissioners of two or more counties.

It belongs to the Legislature, to provide for a further right of appeal, and to enact those provisions, which are clearly necessary to give it effect.

NOTE.—HOWARD, J. did not act in this case. He had been consulted professionally respecting the subject.